(No. 4190

LELAH E. LOHR, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 14, 1950.*

ROY A. PTACIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM J. COLOHAN AND WILLIAM H. SUMPTER, Assistant Attorneys General, for Respondent.

LANSDEN, J.

Claimant, Lelah E. Lohr, was employed on February 3, 1949, as an accountant and bookkeeper by respondent at the Chicago State Hospital in the Department of Public Welfare. On that day while walking between the employee's building and the administration building on the grounds of the above institution she slipped on an icy walk, fell, and broke her left wrist. Claimant, 58 years of age, was immediately taken to the institution's hospital for employees. Her arm was X-rayed on the same day and placed in a cast. Miss Lohr wore the cast for four weeks and a splint for two weeks thereafter.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act and the accident in question arose out of and in the course of the employment. Respondent received timely notice of the claimant's injury. The instant claim was filed within the period provided by statute. No claim is made for surgical, medical or hospital treatment, respondent having furnished same. The only question is the nature and extent of claimant's injury.

Claimant testified she had never had any trouble with her left hand or arm prior to the instant accident. Her hand hurt with different movements. Pressure caused pain. Her fingers were stiff, and to carry books she had to hold them against her body. Her hand was slightly swayed.

Claimant demonstrated before Commissioner Young the impaired limitation of action, movement and strength of her left hand from normal and in comparison with her right hand. She stated she has exercised and endeav-

ored to use her left hand to improve its condition. However, little change has resulted during the last three or four months. She described that she felt pain in her left wrist and hand whenever pressure was applied as when washing clothes.

Dr. Albert C. Field, physician and surgeon of Chicago, Illinois, testified on behalf of the claimant as to his medical examination of her conducted on April 15, 1949. Dr. Field stated:

"Both her upper extremities were examined, the right for comparison. All comparitive measurements. The right forearm measures 8¾ and the left 7¾. With some atrophy present in the left forearm. The left wrist measures 5½ and the right 5¾. Over the lower end of the radius, and ulna, the left measures 6¼ and the right 5¾. The movements in the wrist joint are restricted. Flexion was limited about 40 degrees, bending down, and extension 35. Pronation is within normal limits and supination about half of its normal range. There was some shortening of the radius with a prominence at the lower end of the ulna. The hand is deviated toward the radial side. There is considerable stiffness of the fingers. The ring finger is held in a flexed deformity, a limitation of extension about 30 degrees and the little finger a limitation of extension about 30 degrees. Actively, she lacks about a half inch of bringing the tip of the fingers to the palm of the hand, to the metacarpo flange. She was unable to make a firm fist or hold a small object. I took some X-rays of her wrist, forearm and hand."

He interpreted the X-rays taken by him to show that a comminuted fracture at the lower end of the radius had been suffered by claimant, the comminutions extending in the joint space. He explained that the significance of the comminuted fracture extending into the joint space as causing a rotten articulating surface and as tending to cause traumatic arthritis and pain. He explained the shortening of the radius causes a deformity of the arm. Dr. Field stated his opinion was that the present disability of claimant's hand was permanent.

Dr. Louis Olsman, physician and surgeon on the staff of the Chicago State Hospital, treated Miss Lohr for her

injury. He testified on behalf of the respondent. After describing the treatment which he gave claimant for her injury and providing an interpretation of the X-ray films taken in connection with her case, he stated that claimant had already obtained the maximum improvement she could expert in the restoration of use of her hand.

The only essential differences in the testimony related to the percentage loss of use of claimant's left hand. One of the doctors attached significance to osteoporosis in the left hand shown by X-rays, but conceded that it usually appears after immobilization of a member and tends to disappear with movement of the member unless age and factors other than immobilization contribute primarily to the condition.

Claimant was hospitalized until February 7, 1949, when she was discharged and she returned to her duties. During this period she received her full salary. Dr. Olsman commented that her type of work was such that could be carried on with her left arm partially immobilized. Claimant has been in the employ of respondent since 1917. During the year prior to the accident her earnings were $2,940.00. Claimant is unmarried and has no children under the age of 16 years dependent upon her for support.

From the evidence we conclude that claimant has suffered a 35 per cent loss of use of her left hand and is entitled to an award.

William J. Cleary & Co., Court Reporters, Chicago, Illinois, were employed to take and transcribe the testimony before Commissioner Young. Charges in the amount of $63.00 were incurred, which charges are reasonable and customary, and an award is, therefore, entered in favor of William J. Cleary & Co. for such amount.

An award is entered in favor of claimant, Lelah E.

Lohr, in the amount of $1,160.25, being at the rate of $19.50 per week for 59½ weeks, payable as follows:

$1,053.00 which has accrued and is payable forthwith;

107.25 payable in weekly installments of $19.50 per week for 5 weeks commencing on February 27, 1950, plus one final payment of $9.75.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."